# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERT COTNER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 05-007-JHP-KEW** |
| | ) | |
| **WARDEN BECK,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241 [Docket #2]. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, again alleges he is being unlawfully and unconstitutionally incarcerated. As is typical with this petitioner, his pleadings are rambling and difficult to understand. It appears, however, he is claiming the Creek County District Court tried and sentenced him in Case No. CRF-91-194, despite the trial judge's alleged admission that the court lacked jurisdiction. Petitioner claims there was no jurisdiction, because the Oklahoma Court of Criminal Appeals had not ruled on his March 1992 motion to stay the trial. According to petitioner, his motion for a new trial, filed after his sentencing in 1992, still is pending.

Petitioner asserts that after his conviction, he immediately began attempting to get a copy of the record in Case No. CRF-91-194, but the trial judge issued orders to the Court Clerk to refuse to sell or supply any copies of the court's records to petitioner, unless the trial judge personally gave his authorization. Petitioner alleges he, consequently, was unable to obtain copies of the record until 2004, when the Oklahoma Attorney General sought the trial

judge's removal from the bench.

Petitioner contends he then filed a state habeas corpus petition in the Atoka County District Court. The Attorney General allegedly admitted in his answer to the state habeas petition that he could not counter any of petitioner's claims for immediate release. Nonetheless, the Atoka County district judge denied the petition and sanctioned petitioner. The judge also ordered the Atoka County Court Clerk not to provide petitioner with copies of the State's pleadings, and petitioner was not permitted to respond to the State's answer. Petitioner then was forced to attempt to file an appeal without having a copy of the order denying his state petition for a writ of habeas corpus. The OCCA directed its Court Clerk to return petitioner's filing to him, based on its earlier order that no further petitions would be accepted from petitioner, unless the filing fee was paid. *See Cotner v. Beck*, No. HC 2004-0592, slip op. at 1 (Okla. Crim. App. Oct. 13, 2004). Petitioner argues that no filing fee actually was required in the OCCA proceedings, but, if a fee actually was due to that court, he was too poor to pay it.

The court has carefully reviewed the record and construes petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent petitioner is challenging the validity of his state court convictions and sentences, however, this § 2241 action is not appropriate. Such claims must be pursued through a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner continues in his petition with a claim that his Judgment and Sentence in CRF-91-194 only authorizes his imprisonment on Count 1 and that he should be released from custody on his allegedly suspended sentence for Count 3. He claims he was paroled from Count 1 to the consecutive sentence for Count 3, and he argues that a consecutive

sentence is equivalent to a suspended sentence.

Finally, petitioner alleges the Department of Corrections is wrongfully imposing misconduct/security points for a 1997 misconduct for an attempted escape. He claims the points were imposed for ten years, when DOC policy states the points should only be imposed for two years. He further asserts the misconduct was incorrectly classified as a "Class X" offense, and the points should have been dropped in May 2004 when the Governor of Oklahoma paroled him from Count 1.

The respondent has filed a response to the petition [Docket #25], alleging this petition is another of petitioner's frivolous and vexatious pleadings consisting of "pages of gibberish." The record shows petitioner was convicted of five counts in Case No. CRF-91-194: Count 1--Unlawful Possession of Controlled Drug with Intent to Distribute, AFCF; Count 2--Unlawful Possession of Marijuana with Intent to Distribute, AFCF; Count 3--Failure to Affix a Tax Stamp, AFCF; Count 4--Weapon Use in Commission of Crime, AFCF; and Count 5--Manufacture of Fictitious Oklahoma Driver's License, AFCF. He received life sentences in Counts 1-4, and a 20-year sentence in Count 5, with all counts to be served consecutively. Contrary to petitioner's claim, none of the five counts was suspended.

On May 28, 2004, petitioner received a parole from Count 1, and he began serving Count 2. He received a commutation from Count 2 on October 13, 2004, and began serving Count 3. The parole from Count 1 is subject to revocation. The respondent maintains petitioner is not entitled to release, because he has not yet served his consecutive sentences for Counts 3, 4, and 5. The respondent further asserts in his supplemental response to the petition [Docket #35] that petitioner cannot receive earned credits, because he is serving a life sentence. At the time of his conviction, and under the amended statute, no earned credits

3

are deducted from a life sentence.  *See* Okla. Stat. tit. 57, § 138.

With regard to petitioner's claim about the imposition of security points for a "Class X" misconduct, the respondent alleges the security points, whether correct or incorrect, are not relevant to this habeas action, because petitioner does not earn earned credits.  Petitioner is merely speculating he would be entitled to speedier release, if his escape history were not used in the classification process.  Petitioner has no legitimate expectation of receiving credits. The law is clear that the due process clause does not entitle a prisoner to any particular security classification, nor does it protect an inmate from being transferred from one institution to another.  *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976).  In addition, the Tenth Circuit Court of Appeals has held that the Oklahoma prison classification system creates no liberty interest for a particular classification.  *Twyman v. Crisp*, 584 F.2d 352, 355-57 (10th Cir. 1978).

To the extent petitioner is complaining about his consideration for parole, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1978).  "Parole is a privilege; there is no constitutional or inherent right to parole." *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir.) (citing *Greenholtz,* 442 U.S. at 7), *cert. denied*, 506 U.S. 1008 (1992).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs.  Failure to file timely written objections to the

4

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 3rd day of January 2008.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**